UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUSSELL SPAIN,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/13/2022

No. 20 Civ. 4837 (NSR) (JCM)

ORDER ADOPTING REPORT AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Russell Spain commenced this action on June 18, 2020, under 42 U.S.C. § 405(g), challenging the decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income ("SSI"). (ECF No. 2.) This case was referred to Magistrate Judge Judith C. McCarthy under 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b). Presently before the Court is Judge McCarthy's Report and Recommendation ("R & R") on the Commissioner's motion for judgment on the pleadings (ECF No. 12) and Plaintiff's cross-motion for judgment on the pleadings (ECF No. 21). (R&R, ECF No. 26.) Therein, Judge McCarthy recommends the Court to deny Commissioner's motion for judgment on the pleadings, to grant Plaintiff's cross-motion, and to remand this case to the Commissioner for further proceedings. (*Id.*) For the following reasons, the Court ADOPTS Judge McCarthy's R & R in its entirety, DENIES the Commissioner's motion, GRANTS Plaintiff's cross-motion, and REMANDS the matter to the Social Security Administration for further proceedings.

## BACKGROUND

    Plaintiff applied for SSI on December 28, 2015, alleging a disability onset date of July 7, 2014. The Commissioner denied the application on May 26, 2016, after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on June 15, 2016. Plaintiff appeared *pro*

*se* at two hearings before the ALJ on April 19 and June 19, 2018. On December 18, 2018, the ALJ issued a decision denying Plaintiff's claim. Plaintiff subsequently requested review by the Appeals Council, which in turn denied the request on March 26, 2020.

On June 18, 2020, Plaintiff commenced the instant action challenging the administrative decision of the Commissioner denying his application for SSI benefits. (ECF No. 2.) That same day, this action was referred to Judge McCarthy. On May 10, 2021, the Commissioner moved for judgment on the pleadings against Plaintiff, arguing that the ALJ's decision should be affirmed because it is supported by substantial evidence and free of legal error. (ECF No. 12.) On August 9, 2021, Plaintiff cross-moved for judgment on the pleadings against the Commissioner, asking the Court to reverse the ALJ's decision and remand this action for further administrative proceedings. (ECF No. 12.) On December 28, 2021, Judge McCarthy issued the instant R & R recommending the Court to deny the Commissioner's motion, grant Plaintiff's cross-motion, and to remand the case back to the Social Security Administration for further proceedings.

## STANDARD

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

> objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")).

To the extent a party makes specific objections to an R & R, a district court must review those parts *de novo*. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Mate Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In *de novo* review, district courts must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5Q66, 2008 WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at

3

the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Here, Judge McCarthy issued the R & R on December 28, 2021. The parties had until January 11, 2022, to file objections, but neither filed any. In the absence of any objections, the Court has reviewed Judge McCarthy's R&R and found no clear error.

As Judge McCarthy more fully discussed in the R&R, the ALJ failed to develop the record because she only requested medical records but did not secure medical opinions from treating physicians. Notably, the record shows that the ALJ herself noted twice in her decision that the record had limited treatment notes. Further, Dr. Colden's RFC form, which the Appeals Council formulaically declined to review, could have filled any gaps in the Plaintiff's treatment notes and provided information verifying those claims that the ALJ found not credible. As Judge McCarthy concluded, "[such] evidence is at the very least potentially material[] and should be reviewed by the ALJ on remand." (R&R at 36 (internal quotations and citations omitted).) And moreover, "there is no substantial evidence in the record to support the ALJ's determination that Plaintiff is able to do sedentary work" because the ALJ failed (1) to include any discussion in the RFC about Plaintiff's need to alternate among sitting, standing, and walking, and to explain why she rejected Dr. Shtock's findings on this issue despite giving his opinion "great weight" (*id.* at 39); and (2) to "explicitly consider Plaintiff's side effects of drowsiness from his opioid pain medications in formulating the RFC" (*id.* at 40).

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge McCarthy's R & R in its entirety. Accordingly, the Court DENIES the Commissioner's motion for judgment on the pleadings, GRANTS Plaintiff's cross-motion for judgment on the pleadings, and REMANDS this case to the Social Security Administration for further proceeding consistent with Judge McCarthy's R & R. The Court finally directs the Clerk of Court to terminate the motions at ECF Nos. 12 & 21.

Dated: January 13, 2022
      White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge